

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA C. MERIDITH,

    Plaintiff,

v.

VIOLETAS GENERAL CONTRACTORS,

ANALYDIA POP,

    Defendants.

08CV3269
JUDGE HIBBLER
MAGISTRATE JUDGE DENLOW

JURY DEMANDED

FILED
JUN 0 6 2008 T.C.
Jun 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR BREACH OF CONTRACT

### JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C section 1232, since there is diversity of citizenship and this is a civil action involving, exclusive of interest and costs, a sum in excess of $50,000.

2. Venue is appropriate in this judicial district under U.S.C section 1391 because the Defendants reside here, and all of the events giving rise to this Complaint occurred here.

### THE PARTIES

3. Plaintiff is an adult resident of the state of Massachusetts, and resides at 50 Hall Road, Winchendon, Massachusetts, 01475.

4. Defendant Violetas General Contractors is a General Contractor company doing business in Cook County of the state of Illinois as an expediter with a principal office located at 3052 West Cermak Road, Chicago, Illinois, 60623, and is a citizen of the state of Illinois.

5. Defendant Analydia Pop is an architect doing business in Cook County of the state of Illinois and resides at 6160 N. Damen Avenue, Chicago, Illinois, 60659, and is a citizen of the state of Illinois.

## FACTS

6. On February 17, 2004, the Plaintiff Meridith (hereafter "Meridith") entered into a signed contract with Defendant Violetas General Contractors (hereafter "Violetas") to obtain a valid building permit from the City of Chicago Building Department for the construction of a 4-unit apartment building (hereafter "Project") located at 3658 West Cermak Road, Chicago, Illinois, 60623 (hereafter "Property").

7. On or about March 1, 2004, Violetas contracted with Analydia Pop (hereafter "Pop") to draft architectural plans for the Project.

8. On or about May 26, 2005, a building permit was issued by the City of Chicago Building Department (hereafter "City") to commence with construction.

9. During the period between June 27, 2005 and November 26, 2006, construction work on the Property took place, which included the substantial completion of the rough framing stage of the project.

10. On or about November 26, 2006, the building permit for the Project expired.

11. On or about December 1, 2006, the City informed Meridith that the building permit issued on or about May 26, 2005, had been issued by mistake, because the architectural plans submitted with the application for the building permit violated the City's building code 13-196-0520(b), a natural light requirement for habitable rooms to exist in a basement.

12. On or about July 20, 2007, a second building permit was issued for the Project, which did not authorize the basement build-out authorized by the first permit.

13. On or about September 1, of 2007, during a rough electrical building inspection, the electrical building inspector from the City informed Meridith that the construction build-out in the basement of two units was in violation of the City's building code. A stop work order, along with an order to bring the Project into full building code compliance was issued.

14. On or about November 1, of 2007, the basement build-out, consisting of completed rough framing, rough electrical, rough plumbing, rough heating and ventilation in two units was removed.

**Count I (breach of contract as to obtaining a valid building permit)**

15. Meridith incorporates by reference paragraphs 1-14.

16. Analydia Pop drafted architectural plans that violated the City's building code 13-196-0520(b) regarding the natural light requirement in a basement for habitable rooms to exist.

17. Violetas and Pop submitted architectural plans to the City that violated the City's building code 13-196-0520(b) regarding the natural light requirement in a basement for habitable rooms to exist.

18. Violetas did not obtain a valid building permit from the City that authorized the basement build-out referenced in the architectural plans drafted by Pop.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff request the following relief

Count I, judgment against Defendants for breach of contract, actual damages of $50,709.06; the costs of her suit; and such other and further relief as the Court may deem proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on each of the counts.

Respectfully Submitted,

Date: 6-3-08    s/Brenda C. Meridith
               Brenda C. Meridith
               Pro Se

**VERIFICATION**

I HEREBY CERTIFY UNDER PENALY OF PERJURY THAT I AM THE Plaintiff in the above-captioned case; that I have read the foregoing Complaint, and, that the facts

related therein are true and correct to the best of my knowledge, information, and belief.

Brenda C. Meridith


Brenda C. Meridith
Pro Se
50 Hall Road
Winchendon, MA 01475
Telephone: (978) 297-1820
Cell: (617) 543-2686
BMeridith@aol.com